UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 09-107-DCR |
| | ) | Civil Action No. 5: 12-7252-DCR |
| V. | ) | |
| | ) | |
| MARQUICE KENYATTA BOND, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Marquice Kenyatta Bond's motion for collateral relief under 28 U.S.C. § 2255. [Record No. 51] On December 28, 2012, United States Magistrate Judge Edward B. Atkins directed the defendant to file a supplemental memorandum outlining the factual basis for his claims. [Record No. 52] However, the defendant failed to comply with this directive. Having considered the entire record, the Court will now dismiss this proceeding under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

Defendant Bond was indicted by a federal grand jury on July 1, 2009, and charged with a violation of 21 U.S.C. § 841(a)(1) [Count 1]; one count of possessing two firearms in furtherance of his drug crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) [Count 2]; and one count of possessing two firearms after having been convicted of a felony offense in violation of

---

[1]     On December 27, 2012, this matter was reassigned to the undersigned due to the announced retirement of United States District Judge Jennifer B. Coffman. [Record No. 50]

-1-

18 U.S.C. §§ 922(g)(1) and 924(e).  In Counts 4 and 5, the United States sought forfeiture of the weapons and ammunition referenced in Counts 1, 2 and 3. [Record No. 1; Indictment] Thereafter, counsel was appointed for the defendant.

Defendant Bond's appointed counsel initially moved to suppress the evidence obtained during a traffic stop and a subsequent search of his motel room. Counsel asserted that the initial stop of the vehicle and all evidence obtained and statements made as a result of the stop and searches violated his Constitutionally-protected rights under the Fourth Amendment.  [Record No. 14] A hearing on this motion was held on August 190, 2009.  [Record No. 17] During this hearing, the United States presented three Kentucky State Police Officers as witnesses: Sergeant Jeremy Slinker, Trooper Jason Denny and Sergeant Mark Burden.  Defendant Bond chose to testify in response. [Record No. 26] Following this testimony, the Court orally denied the defendant's motion. [*Id*., at pp. 120-124]

Following the detention hearing, Defendant Bond, by counsel, filed a Motion to Supplement the Record.  [Record No. 22]  The defendant submitted his affidavit in support of the motion to supplement which outlined additional facts which were not presented during the suppression hearing. [*Id.*]   However, construing the motion as a motion to reopen, Judge Coffman denied the relief sought because: "1) the defendant's explanation for initially failing to introduce the evidence [was] not reasonable and adequate; and 2) the defendant's new testimony, as proffered, [did] not change the court's decision to deny the motion to suppress." [Record No. 27] Thus, while the Court rejected the attempt to re-open the detention hearing, the

additional testimony was considered.  However, it did not alter the Court's analysis.  In denying

the defendant's motion, Judge Coffman noted:

> It is true that the plaintiff would suffer no great prejudice by a reopening of the
> suppression hearing, since it would be allowed to cross-examine the defendant
> and offer rebuttal witnesses if necessary before trial on the merits.  However, even
> if the defendant's new testimony, as tendered, were introduced into the
> suppression inquiry, the court would not change its ruling on the defendant's
> motion to suppress.  The court would still have found that the consent to search
> the defendant's hotel room was voluntarily given by the defendant; thus the
> search for the items found in that room did not violate the Fourth Amendment to
> the U.S. Constitution.

[Record No. 27]

After the defendant's motion to suppress evidence was denied, he immediately

determined to enter a guilty plea to Counts 1 and 2 of the Indictment. [*See* Record Nos. 28

through 32.][2]  However, his plea was conditional, allowing Bond the right to challenge the

District Court's determination regarding his motion to suppress. [*See* Record No. 32; Plea

Agreement, ¶ 1.]  In exchange, the United States agreed to dismiss Count 3 at the time of

sentencing.

A sentencing hearing was held in this case on January 14, 2010.  Defendant Bond

received a sentence of 120 months on Count 1 and 120 months on Count 2, to be served

consecutively, to produce a total term of imprisonment of 240 months of incarceration.  [Record

No. 39]  Thereafter, he filed a Notice of Appeal in accordance with the provisions of his Plea

Agreement and conditional guilty plea. [Record No. 41]  However, on August 15, 2011, the

United States Court of Appeals for the Sixth Circuit affirmed the defendant's conviction and

---

[2]     Defendant Bond also conditionally forfeited any interest in the items listed in Counts 4 and 5 of the Indictment.

sentence. [Record No. 48]  In relevant part, the court rejected Bond's argument that this Court erred in denying his motion to suppress. The Sixth Circuit's mandate was filed on September 12, 2011.  Thus, the defendant had ninety days after that date to seek review by the Supreme Court. And because Bond did not file a petition for a writ of certiorari with the Supreme Court, his conviction, sentence and judgment because final on or about December 12, 2011.

Bond's present motion for collateral relief was signed on December 19, 2012, postmarked on December 20, 2012, and filed by the Clerk of the Court on December 27, 2012.  Thus, it does not appear to be timely under 28 U.S.C. § 2255(f).[3]  Additionally, the motion does not contain any factual support for the defendant's bare-bones assertions of ineffective assistance of counsel for failure to challenge federal jurisdiction and for other unspecified reasons.[4]  As a result of the defendant's failure to provide any information to support his generic claims, United States Magistrate Judge Edward B. Atkins entered an Order on December 28, 2012, which provided that,

> According to Rule 2(b)(2) of the Rules Governing Section 2255 Proceedings,
> "[t]he motion must state the facts supporting each ground."  The Defendant does

---

[3]    Because the defendant's motion will be dismissed under 28 U.S.C. § 1915A(b)(1), it is not necessary for the Court to examine whether any period of equitable tolling applies.

[4]    The defendant's motion contains four general claims.  First, he contends that his attorney was "ineffective under th Sixth Amendment for the conscious failure to challenge the search and seizure under the proper jurisdiction, where as here, no federal agents nor federal interests was violated at the time of the stop of Petitioner's vehicle by local police."  This argument is clearly frivolous.  Next, he asserts that his conviction was the result of evidence obtained pursuant to an unlawful arrest and following an unlawful search and seizure.  These arguments were addressed during his direct appeal and a collateral proceeding may not be used to re-litigate them.  Finally, Bond argues generally that his attorney was "ineffective as certain critical stages of the prosecution, resulting in a miscarriage of justice." [*See* Record No. 51, pp. 4-5.] No details of these claims have been presented, despite the defendant's representation that a memorandum of law would be forthcoming and despite additional time having been provided for the defendant to outline facts which would support these claims.

-4-

not support his claims with any facts whatsoever; the motion consists only of the Defendant's arguments.  Unless the Defendant wishes to have his § 2255 motion summarily dismissed for failure to state facts supporting each ground, the Defendant shall file a supplemental memorandum setting forth the facts for each of his four (4) claims.  Accordingly, and the Court being otherwise advised,

IT IS ORDERED THAT the Defendant shall file a Supplemental Memorandum on or before MONDAY, JANUARY 28, 2013.  Within the Supplemental Memorandum, the Defendant shall state the facts supporting each ground raised in his § 2255 motion.  If the Defendant fails to file a supplemental memorandum or does not state the facts supporting each ground, the Court will have grounds to dismiss his § 2255 motion under 28 U.S.C. § 1915A(b)(1).

[Record No. 52]

Defendant Bond has failed to respond to the Magistrate Judge's Order.  Further, this Court has conducted an independent review of the record.  Based upon this review, the Court is unable to find any facts which would support the generic claims contained in the defendant's motion.  Accordingly, it is hereby

**ORDERED** as follows:

1.      Defendant Marquice Kenyatta Bond's motion to vacate, set aside, or correct his sentence [Record No. 51] is **DENIED**.

2.      The defendant's habeas action [Lexington Civil Action No. 5: 12-7252-DCR] is **DISMISSED** and **STRICKEN** from the Court's docket in accordance with 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

This 4th day of February, 2013.



Signed By:

*Danny C. Reeves*

**United States District Judge**

-5-