UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 09-107-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARQUICE KENYATTA BOND, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Defendant Marquice Bond is currently serving a 240-month term of imprisonment following his conviction for possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and possession of firearms in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i). [Record No. 39] Bond recently filed a *pro se* motion for a sentence reduction based on 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.[1] [Record No. 63] The defendant's motion will be denied because he was sentenced as a career offender. As a result, his guideline range is unaffected by the amendments. However, even if the subject amendments applied under the facts

---

[1] Bond also requests appointment of counsel. [Record No. 63, p. 2] There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510, 512 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001). A motion filed under 18 U.S.C. § 3582(c)(2) "does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether to appoint counsel. Here, the record and information available from the original sentencing are sufficient to consider a § 3582(c)(2) motion. Under the facts presented, appointment of counsel would be unnecessary and a waste of resources.

presented, a reduction of Bond's sentence would not be appropriate under the relevant sentencing factors of 18 U.S.C. § 3553(a).

On July 1, 2009, Bond was charged in a three-count Indictment stemming from his drug-trafficking activities. [Record No. 1]  Initially, Bond filed a motion to suppress certain evidence seized during a search of his hotel room, but that motion was denied. [Record Nos. 14; 17]  Consequently, he did not proceed to trial. Instead, on September 8, 2009, Bond entered a guilty plea to the first two counts of the Indictment. [Record No. 30] Unfortunately for Bond, this was not the first time that he was caught illegally trafficking controlled substances.

In his written Plea Agreement, Bond admitted to having prior felony convictions, thereby subjecting him to enhanced punishment. As outlined in paragraph three of the Plea Agreement:

> The Defendant has multiple felony convictions, including convictions for possessing both cocaine and marijuana with the intent to distribute. At the time of his arrest, the Defendant had an active warrant based on a federal supervised release violation.

[Plea Agreement, Record No. 37, p. 5]  Further, paragraph four states that:

> The Defendant has a prior final drug felony conviction as set forth in the notice filed by the United States pursuant to 21 U.S.C. § 851, and therefore the Defendant is subject to the above enhanced statutory punishment for Count 1.

[*Id.*]

The Presentence Investigation Report ("PSR") prepared in advance of the sentencing hearing classified Bond as a career offender based on his prior qualifying felony drug convictions, which included two counts of cocaine trafficking and one count of possession

with intent to distribute cocaine. [PSR, Record No. 43, p. 9] As a result, Bond's non-binding guideline range for imprisonment, determined according to a base offense level of 37 (reduced to a total offense level of 34 based on Bond's acceptance of responsibility) and a criminal history category of VI, was calculated to be 262 to 327 months. [*Id.*, pp. 9, 21; *see also* "Statement of Reasons," p. 1.]

Ultimately, the Court determined that a departure was warranted based on the factors in 18 U.S.C. § 3553(a). ["Statement of Reasons," p. 3] However, the Court did not depart from the non-binding guideline range due to a Government motion under United States Sentencing Guideline ("U.S.S.G.") § 5K1.1 for substantial assistance. [*See id.*, p. 2.] Following allocution, the Court imposed a term of imprisonment of 240 months, followed by a term of supervised release of five years. [Record No. 39]

Bond appealed his conviction due to the Court's prior denial of his motion to suppress. [Record No. 41] However, this Court's determination was affirmed by the Sixth Circuit. [Record No. 48] Next, Bond filed a motion to vacate his sentence under 28 U.S.C. § 2255, asserting ineffective assistance of counsel for failure to challenge federal jurisdiction and other unspecified reasons. [Record No. 51] That motion was denied. [Record No. 53] Bond requested relief from the Court's denial of his motion to vacate, but his request was also denied. [Record No. 55] Again, the defendant filed a Notice of Appeal. [Record No. 56] The Sixth Circuit then remanded the matter to allow this Court to determine whether a Certificate of Appealability should be issued. [Record No. 59] This Court then declined to issue a Certificate of Appealability and the Sixth Circuit affirmed that determination. [Record Nos. 60; 61]

The defendant filed the present motion on February 10, 2016, contending that he qualifies for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) and recent amendments to the Sentencing Guidelines. [Record No. 63] However, the Court is only permitted to modify a term of imprisonment already imposed under very limited circumstances. None of those circumstances applies here. Section 3582(c)(2) only gives the Court authority to reduce a sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as long as the reduction is consistent with the applicable policy statements issued by the Commission. The recent amendments reduce the base offense level within the drug quantity table found in U.S.S.G. § 2D1.1(c).

As outlined above, Bond was sentenced as a career offender under U.S.S.G. § 4B1.1. [Record No. 43, p. 9] Therefore, his guideline range was not based on the drug quantity table and the recent amendments do not apply to his sentence. *See, e.g.*, *United States v. Wherry*, 518 F. App'x 434, 437–38 (6th Cir. 2013) (rejecting the argument that Amendment 750 applies to career offenders). As a result, Bond's non-binding guideline range remains unchanged and 18 U.S.C. § 3582(c) is inapplicable.

But even if Bond were eligible for a reduction, it would not be warranted in light of the sentencing goals of 18 U.S.C. § 3553(a). Instead, a total term of imprisonment of 240 months is necessary. In addressing this question, the Court considers, *inter alia*, the seriousness of Bond's criminal conduct, his history and personal characteristics, Bond's acceptance of responsibility and cooperation, specific and general deterrence, and the need to protect the public from potential, future crimes of the defendant.

It should be obvious to the even the casual observer that drug trafficking is a very serious offense, especially when combined with possession of firearms. Here, a reduced sentence would unduly diminish the seriousness of Bond's criminal conduct. Additionally, Bond has an extensive criminal history,[2] which presents a danger to the public and a significant likelihood that he may reoffend when released. In fact, Bond committed the instant offense while on supervised release for another crime. [Record No. 43, p. 14] Moreover, the defendant's history of substance abuse presents an increased danger to the public and a greater likelihood of recidivism. [*Id.*, p. 19]

The Court has considered a number of mitigating factors (such as Bond's family obligations), but these factors do not offset the many aggravating factors outlined above. Further, the Court's earlier consideration of these mitigating factors provided the basis for the downward departure from Bond's guideline range. ["Statement of Reasons," p. 3] In summary, at the time of Bond's sentencing and now, a sufficient sentence was imposed. However, it was (and is) not greater than necessary to meet all goals and objectives of sentencing.

Finally, Bond requests appointment of counsel for challenging his sentence in light of the "*Johnson*" decision "out of North Carolina." [Record No. 63, p. 2] Although the reference is not entirely clear, the Court suspects that Bond intends to refer to the Supreme Court's recent decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). Bond's motion for appointment of counsel would relate to a request to file a second or

---

[2] Bond was convicted of drug-related offenses on three separate occasions, and he has convictions for domestic violence and loitering for the purpose of gambling. [Record No. 43, pp. 10−13]

successive motion for relief under 28 U.S.C. § 2255.  If filed, that matter would be transferred to the United States Court of Appeals for the Sixth Circuit for consideration.  *See* 28 U.S.C. § 2255(h).

The United States Constitution does not provide a right to counsel in habeas proceedings.  *See Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005).  For most motions seeking habeas relief, requests for appointment of counsel should be considered under 18 U.S.C. § 3006A.  *See* 28 U.S.C. § 2255(g).  Ultimately, however, the decision to appoint counsel rests within the sound discretion of the Court, based on the interests of justice and due process.  *See* 18 U.S.C. § 3006A(a)(2)(B).  Counsel should be appointed "if, given the difficulty of the case and the litigant's ability . . . [he] could not obtain a lawyer on [his] own, and [he] would have a reasonable chance of winning with a lawyer at [his] side."  *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997).

In light of the procedural posture of this matter, the Court does not believe that counsel should be appointed in connection with any potential motion to file a second or successive petition for collateral relief under 28 U.S.C. § 2255.  Habeas relief is an extraordinary remedy for unusual cases.  In the present case, it appears that the issues Bond might raise are clear and can be determined from the record.[3]  His chances of success would not be increased by the appointment of counsel.  Instead, the Court concludes that it would be a waste of limited resources to appoint counsel for him.  Further, neither due process nor

---

[3]  For example, *Johnson* applies to sentences under the residual clause of the Armed Career Criminal Act ("ACCA"), found in 18 U.S.C. § 924(e)(2)(B)(ii), but Bond was sentenced as a career offender under the Sentencing Guidelines, rather than the ACCA.  Thus, *Johnson* is inapplicable.

the best interests of justice indicate that counsel should be provided in light of the issues Bond identifies in his present motion. Accordingly, it is hereby

**ORDERED** that Defendant Marquice Kenyatta Bond's motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) and appointment of counsel [Record No. 63] is **DENIED**.

This 12th day of February, 2016.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge