UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 09-107-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARQUICE KENYATTA BOND, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Marquice Bond pleaded guilty to possessing with the intent to distribute marijuana (count 1) and possessing firearms in furtherance of a drug trafficking crime (count 2). Bond had multiple prior felony convictions, including convictions for possessing cocaine, cocaine base, and marijuana with the intent to distribute. [Record Nos. 4; 5; 37, p. 5] He was sentenced in January 2010 to 120 months' imprisonment on each count, to be served consecutively, for a total term of 240 months of imprisonment. [Record No. 39] Bond's conviction was affirmed on appeal. [Record No. 48]

Bond subsequently moved for a sentence reduction pursuant to retroactive amendments to the United States Sentencing Guidelines ("U.S.S.G."), which lowered base offense levels for drug offenses. [Record No. 63] The Court denied that motion, noting that Bond's sentence was not based on the drug quantity attributed to him under U.S.S.G. § 2D1.1. Instead, he was sentenced as a career offender under U.S.S.G. § 4B1.1. [Record No. 64]

Bond has now filed a motion seeking relief under the First Step Act of 2018 ("the 2018 Act"). [Record No. 69] The 2018 Act includes four sentencing reform provisions, none of

which applies to Bond. Section 401 of the Act restricts enhanced sentencing for prior drug felonies by changing the way predicate convictions are defined. However, the Section 401 amendments do not apply retroactively to defendants who have already been sentenced. Likewise, Section 402 (which broadens the safety valve under 18 U.S.C. § 3553(f)) and Section 403 (which clarifies the "stacking provision" of 18 U.S.C. § 924(c)(1)(C)), do not apply retroactively. Section 404 of the 2018 Act permits courts to apply sections 2 and 3 of the Fair Sentencing Act of 2010 retroactively. However, these provisions apply only to crack cocaine and simple possession offenses, neither of which was involved in Bond's conviction.

Accordingly, it is hereby

**ORDERED** that Defendant Bond's motion for relief under the First Step Act of 2018 [Record No. 69] is **DENIED**.

Dated: March 19, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge