UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 09-107-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARQUICE KENYATTA BOND, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Marquice Bond was sentenced to 240 months' imprisonment in 2010 after he pleaded guilty to possession with intent to distribute marijuana and possession of firearms in furtherance of a drug trafficking crime. His sentence was upheld on appeal, collateral attack, and multiple motions for a sentence reduction. Bond has returned to this Court with a *pro se* motion for compassionate release. [Record No. 76] The motion will be denied because Bond has failed to show extraordinary and compelling reasons warranting a sentence reduction and the § 3553(a) factors do not weigh in favor of granting the relief sought.

District courts have discretion to determine whether extraordinary and compelling reasons exist for purposes of compassionate release. *United States v. Wills*, 997 F.3d 685, 687 (6th Cir. 2021); 18 U.S.C. § 3582(c)(1)(A)(i). Bond cites a hodgepodge of legal and factual propositions in support of his motion that are, at times, difficult to follow. However, the Court affords liberal construction to documents filed by unrepresented parties and therefore attempts to address each of Bond's arguments. *See Finley v. Huss*, 723 F. App'x 294, 297 (6th Cir. 2018).

First, Bond appears to attack the validity of his underlying conviction under 18 U.S.C. § 924(c) by arguing that "use" under that statute requires more than simple possession of a firearm. But Bond was convicted of *possessing* firearms in furtherance of drug trafficking, not *using* a firearm. To the extent he argues that the firearms were not possessed in furtherance of drug trafficking, Bond admitted guilt to this offense on September 15, 2009. He admitted facts supporting the conviction during his plea colloquy and his current arguments that his firearms were not loaded and "protect[ed] nothing" are unavailing.

Bond was sentenced as a career offender under section 4B1.1 of the United States Sentencing Guidelines. He contends that he would not be a career offender under current law because one of his previous convictions "would count as a simple sentence today." However, Bond had previous convictions for first degree trafficking in cocaine and possession with the intent to distribute cocaine base, which fall squarely within the definition of "controlled substance offense" provided by § 4B1.2.

Bond's motion discusses other arguments that are clearly frivolous, not to mention untimely, such as the sentencing judge's purported misapplication of *Descamps v. United States*, 570 U.S. 254 (2013). But Bond does not explain how the statutes that formed the basis of his predicate convictions, K.R.S. § 218A.1412 and 21 U.S.C. § 841(a)(1), could be violated in a way that do not constitute a controlled substance offense as defined by § 4B1.1.

He also suggests that he could not be convicted of violating 18 U.S.C. § 924(c)(1)(A) (Count 2) because his crime did not involve violence. However, the use of violence is not an element of § 924(c)(1)(A). Instead, Bond pleaded guilty to possessing firearms in furtherance of a drug trafficking crime. Bond's arguments regarding the Armed Career Criminal Act also are misplaced, as he was not sentenced under that statute.

Next, Bond argues that his sentence is "overkill" because he "had no [violence] or serious drugs or crime in [his] offense." And while Bond's crimes were serious, for reasons that have been explained previously, the applicable guidelines range was driven in large part by Bond's criminal history. Despite the properly calculated guidelines range of 262 to 327 months' imprisonment, the sentencing judge imposed a *below*-guidelines sentence of 240 months. Bond's belief that his sentence is too severe when compared to sentences imposed on prisoners convicted of other crimes does not constitute extraordinary and compelling reasons for a sentence reduction.

Finally, Bond cites *Concepcion v. United States*, 142 S. Ct. 2389 (2022), in which the Supreme Court held that the First Step Act allows district courts to consider intervening changes of law or fact in deciding whether to reduce a sentence. Bond makes two main arguments in support of this position. First, he contends that he should be released because his crime involved marijuana and the current president of the United States believes that "no one should be locked up for marijuana." But Bond's conviction is for *trafficking* marijuana, not simple possession, and there is no support for Bond's argument on this basis. Bond also cites the decriminalization of marijuana as a reason for reducing his sentence, but the Court notes that Bond's crimes occurred in Kentucky, where marijuana is still illegal for any purpose.

Finally, Bond cites a general desire to be reunited with his family. But almost every prisoner has family or friends who are affected by the prisoner's incarceration. Accordingly, this fact is neither compelling nor extraordinary.

The factors under 18 U.S.C. § 3553(a) also do not weigh in favor of a sentence reduction. Bond's crimes were serious. Although the quantity of marijuana involved was not on the high end of what the Court has seen, it clearly was a trafficking quantity. The

seriousness of the drug crime was compounded by the fact that the defendant possessed firearms and ammunition in the furtherance of his drug trafficking activity. And he lied to law enforcement officers about his identity, although he did not receive an enhancement for obstruction of justice.

A substantial sentence is needed to promote the objectives listed under § 3353(a)(2), particularly affording adequate specific deterrence and protecting the public from the defendant's future crimes. The defendant has a significant history of controlled substance convictions in both state and federal court. However, it is clear that previous sentences were insufficient to deter the defendant from engaging in further criminal activity. Releasing Bond at this time would undercut the objectives stated in § 3553(a). The Court remains convinced that a sentence of 240 months' imprisonment remains minimally sufficient to serve those purposes. Accordingly, it is hereby

**ORDERED** that the defendant's motion for compassionate release [Record No. 76] is **DENIED**.

Dated: October 13, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky